IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PRECY N SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-00087-CV-RK |
| ) | |
| CITY OF KANSAS CITY, KANSAS CITY ) | |
| HEALTH DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING MOTIONS TO DISMISS

Before the Court are Defendant City of Kansas City, Missouri Health Department's ("Department") Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 18) and Defendant City of Kansas City, Missouri's ("City")[1] Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 20) which have been fully briefed and are ready for decision. (Docs. 19, 21, 26, 31, 32.) After careful consideration, and for the reasons below, the Department's Motion to Dismiss is **GRANTED** and the City's Motion to Dismiss is **GRANTED**.

## Background

The Court assumes the following allegations from the amended complaint are true for the purpose of ruling on the Motion to Dismiss. (Doc. 17.) Plaintiff filed a charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Missouri Commission on Human Rights ("MCHR") and received a Notice of Right-to-Sue Letter from the EEOC on November 13, 2020.[2] Plaintiff filed this action on February 11, 2021. Plaintiff filed her amended complaint on June 10, 2021.

---

[1] For clarity, the Court is utilizing the titles the defendants use in their briefing rather than those in the case name as pled by Plaintiff.

[2] Plaintiff did not attach a copy of a right to sue letter from the Missouri Commission on Human Rights to her initial complaint. Additionally, on the complaint, Plaintiff selected "No" when prompted "Have you received a Notice of Right-to-Sue Letter from the Missouri Human Rights Commission?" Providing a copy of a right to sue letter is a requirement to sue under the Missouri Human Rights Act. *Williams v. Water Servs. H.R.D.*, No. 13-0188-CV-W-ODS, 2013 WL 2285550, at *2 (W.D. Mo. May 23, 2013). While Plaintiff did attach a copy of the EEOC Notice of Right-to-Sue Letter with her initial complaint, she did not attach a copy to her amended complaint. An amended complaint supersedes the initial complaint in its entirety and renders the original complaint without legal effect. *Topchian v. JPMorgan Chase Bank*, 760 F.3d 843, 846 (8th Cir. 2014). While courts liberally construe a complaint by a pro se litigant, this does not mean that procedural rules in civil litigation must be interpreted "so as to

Plaintiff's amended complaint alleges the following claims: (I) violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and (II) violation of the Missouri Human Rights Act ("MHRA"). Both claims arise from Plaintiff's employment with Defendants. Plaintiff was employed by Defendants beginning on or about April 1, 2019. (Doc. 17). Plaintiff alleges Defendants failed to properly respond to Plaintiff's grievances concerning a series of incidents that began at the start of her employment. (Doc. 17). Plaintiff alleges Defendants discriminated against her in the workplace based on her color and gender, stating her employer shows favoritism towards lighter skin people and men. (Doc. 17). Plaintiff alleges the discriminatory conduct included unequal terms and conditions of employment, retaliation, harassment, hostile work environment, bullying, cold shoulders, and a threat of being harmed by a vehicle. Plaintiff alleges she exhausted all available remedies.

The City argues dismissal is proper because Plaintiff failed to state a claim upon which relief may be granted and Plaintiff failed to exhaust all administrative remedies prior to filing her lawsuit. The Department argues dismissal is proper because the Department is not a suable entity.

**Legal Standard**

To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court "accept[s] the allegations contained in the complaint as true and draw[s] all reasonable inferences in favor of the nonmoving party." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quotation marks and citation omitted). Although the Court liberally construes pro se pleadings, a complaint "still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The Court will not "supply additional facts" or "construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Id.* (quotation marks and citation omitted).

**Discussion**

Defendants argue dismissal is appropriate for several reasons. The Department argues it is merely an administrative arm of the City of Kansas City, Missouri, and therefore is not a suable

---

excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

entity, so dismissal should be granted. The City argues dismissal should be granted because (1) Plaintiff failed to state a claim upon which relief may be granted, and (2) Plaintiff failed to exhaust all administrative remedies prior to filing suit. Plaintiff has responded in opposition to the motions to dismiss but failed to respond to any of the three issues raised by either the Department or the City.

## I. The Health Department Is Not A Suable Entity

Where a department of a city is not legislatively created but instead serves as an administrative arm of the city, "it lacks a legal identity apart from the City and is therefore not a suable entity unto itself." *Shockley v. St. Louis Div. of Corr.*, No. 4:10CV638 FRB, 2011 2011 WL 1304751, at *1 (E.D. Mo. Apr. 6, 2011). In *Shockley*, the Court determined that the Department of Corrections serves as an administrative arm of the City of St. Louis, and therefore is not a suable entity. *Id*. Using similar logic, the Court in *Gore* ruled that the Department of Personnel of St. Louis serves as merely an administrative arm of the City of St. Louis, and thus lacks a legal identity apart from the City and is not a suable entity. *Gore v. Wochner*, 475 F. Supp. 274, 280 (E.D. Mo. 1979).

Like the Department of Corrections and the Department of Personnel in St. Louis, the Kansas City Health Department serves as an administrative arm of the City of Kansas City, as shown by the Kansas City Charter, where the creation of the Department is memorialized. *See* Kansas City Charter, Art. IV. § 405(a). Because the Department is not a legislatively created separate legal entity from the City, the Court finds that the Department is not a suable entity. As such, Plaintiff's claims of employment discrimination should be brought solely against the City of Kansas City, Missouri.

## II. Failure to Exhaust Administrative Remedies

In order to initiate a claim under Title VII, a party must file a charge of discrimination with the EEOC and receive a right-to-sue letter. *Stuart v. Gen. Motors. Corp.*, 217 F.3d 621, 630 (8th Cir. 2000). Similarly, "to initiate a claim under the MHRA, a party must file an administrative complaint with the MCHR and either adjudicate the claim through the MCHR or obtain a right-to-sue letter." *Id.* Exhaustion of administrative remedies under Title VII and the MHRA requires the plaintiff to "give notice of all claims of discrimination in the administrative complaint." *Id.* (quotation marks and citation omitted). "[T]he administrative complaint must be construed liberally[,] . . . and a plaintiff may seek relief for any discrimination that grows out of or is like or

3

reasonably related to the substance of the allegations in the administrative charge." *Id.* at 631 (quotation marks and citation omitted). "The breadth of the civil suit is, therefore, as broad as the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination." *Id.* If failure to exhaust "is apparent on the face of the complaint," it "can provide the basis for dismissal under Rule 12(b)(6)." *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 728 F.3d 853, 861 (8th Cir. 2013) (quotation mark and citation omitted).

In this case, Smith's claims of discrimination relating to her color and gender fail because they are not specifically stated or reasonably related to the substance of the allegations raised in her administrative charge. In both her EEOC and MCHR charges, Smith only alleged she was discriminated against based on retaliation for complaining to management that she felt other employees were withholding information necessary to perform her job. Smith mentioned two incidents in which she felt co-workers retaliated against her, only identifying the gender of one, a female. In the administrative charge, Smith noted that she felt she was "being subjected to a hostile work environment, in retaliation for complaining." Thus, Smith adequately exhausted her administrative remedies for her claim of retaliation, as it grows out of and is reasonably related to the retaliation claim she raised in her administrative charge.

However, these allegations of retaliation are not reasonably related to Smith's assertions that she was discriminated against in that her employer favored men or lighter skinned people. Smith stated that she believed the retaliation occurred as a result of her complaining to management that she felt other employees were withholding information necessary to perform her job. Accordingly, Smith's allegations regarding discrimination based on her color and gender are beyond the scope of her charge of retaliation because such allegations were not specified or mentioned in her EEOC and MCHR charges and cannot reasonably be expected to fall within the scope of an investigation resulting from the initial charges of retaliation. *See Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 631 (8th Cir. 2000) (finding plaintiff's allegations regarding disciplinary actions beyond the reach of her retaliation by termination claim where the retaliation by discipline plaintiff alleged was not like or reasonably related to the alleged retaliation by termination "because the disciplinary actions [plaintiff] now alleges were in retaliation for her complaints of sexual harassment concerned insubordination, being under the influence, and tardiness[,]" whereas plaintiff "was terminated, on the other hand, for allegedly engaging in an indecent act on the job,

4

an event factually distinct from and unrelated to the events that led to [defendant's] alleged retaliation by discipline.")

Because it is apparent on the face of Plaintiff's amended complaint that she failed to exhaust administrative remedies for her discrimination claims based on color and gender, those claims are dismissed under Rule 12(b)(6).

### III. Failure to State a Claim

Plaintiff alleges claims under both Title VII and the MHRA. Title VII and the MHRA both make it unlawful for an employer to fail or refuse to hire, discharge, or otherwise to discriminate against any individual because of their race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(a); Mo. Rev. Stat. § 213.055(1)(a). The complainant carries the initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). To establish a prima facie case of discrimination, the plaintiff must establish that: (1) she is a member of a protected class; (2) she met the employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination. *Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 973-74 (8th Cir. 2012) (addressing Title VII claim); *see also Lampley v. Missouri Comm'n on Human Rights*, 570 S.W.3d 16, 24 (Mo. 2019) (addressing MHRA claim).

Regarding the first element, in her amended complaint, plaintiff noted that she was discriminated against based on her color and gender/sex by checking the corresponding boxes. However, Smith fails to allege her color or gender/sex anywhere in the amended complaint. Therefore, Plaintiff fails to plead the first element of both the Title VII and MHRA claims of discrimination. This alone is grounds for dismissal. *See, e.g., Iqbal*, 556 U.S. at 678 (holding that to survive a motion to dismiss, the complaint must allege sufficient facts to state a facially plausible claim to relief).

Additionally, Smith failed to establish that she met her employer's legitimate expectations, that she suffered an adverse employment action, and that the circumstances of her claim give rise to an inference of discrimination. Plaintiff does not address whether she met her employer's legitimate expectations and therefore fails to plausibly plead that she met her employer's legitimate expectations. Additionally, although Plaintiff mentions she was "recently suspended and had a hearing," she continues by stating that the hearing "ended in the favor of me." Plaintiff's allegation

5

of a suspension hearing that ended with a favorable outcome fails to plausibly plead that she suffered an actionable adverse employment action.

Finally, even though plaintiff alleges that she was a victim of bullying, harassment, discrimination and unfair treatment, she fails to establish that the allegations were in relation to her race or gender. Plaintiff's amended complaint shows on the prompt "Defendant(s) discriminated against me based on my" Plaintiff checked the "color" box and in the blank beside that box wrote, "fav treatment for lighter skinned people" and she checked the box for "gender/sex" and in the blank beside it wrote, "Directors shows fav to men." However, Plaintiff does not allege any particular incident, date, action, or other factual support in relation to those statements and does not provide the identity, race, or gender of any alleged perpetrator. Her allegations in this regard fail to show circumstances giving rise to an inference of discrimination. Plaintiff's factual allegations must be enough "to raise a right to relief above the speculative level," and the allegations in Plaintiff's amended complaint here, without more, are merely speculative. *Twombly*, 550 U.S. at 555.

Accordingly, even if Plaintiff had exhausted her administrative remedies for her discrimination claims based on color and gender, because she failed to plausibly plead all elements of those claims, they would not otherwise survive Defendant's motion to dismiss for failure to state a claim upon which relief may be granted.

Plaintiff also alleges a claim of retaliation under the MHRA. A retaliation claim is not "conditioned on the success of the underlying discrimination" claim. *Minze v. Mo. Dep't of Pub. Safety*, 437 S.W.3d 271, 275-76 (Mo. Ct. App. 2014). To establish a prima facie case of retaliation under the MHRA, a plaintiff must prove: "(1) [the plaintiff] complained of discrimination; (2) the employer took adverse action against [the plaintiff]; and (3) a causal relationship existed between the complaint and the adverse action." *Mignone v. Mo. Dep't of Corr.*, 546 S.W.3d 23, 37 (Mo. Ct. App. 2018).

In her amended complaint, Plaintiff alleges that she filed "grievances" and had "taken all step[s] up the chain of command, meaning filing [a] complaint," in response to bullying, harassment, discrimination and assault at her job, but does not allege when this occurred or to whom such grievances or complaints were made. Additionally, although Plaintiff alleges that she was "recently suspended" and that her "job is being sabotage[d]," which could be considered adverse action by her employer, Plaintiff does not allege what acts constitute the alleged

6

"sabotage" or provide the date of suspension, and further fails to allege any connection between these employment actions and her original grievances or complaints made in response to discrimination.

In reviewing whether a claim has been stated, the Court assumes the allegations in the complaint, and the reasonable inferences flowing from them, are true. *Cole v. Homier Distrib. Co.*, 599 F.3d at 861. However, Plaintiff's complaint does not allege enough specific facts to reasonably infer that adverse action was taken against Plaintiff after she made a complaint of discrimination. Because Plaintiff failed to plausibly plead the alleged adverse actions of her employer had any causal connection to her complaints of discrimination, the claim fails.

## Conclusion

Accordingly, the Department's Motion to Dismiss (Doc. 18) is **GRANTED** and the City's Motion to Dismiss (Doc. 20) is **GRANTED**. Plaintiff's Amended Complaint is **DISMISSED.**[3]

**IT IS SO ORDERED.**

/s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 29, 2021

---

[3] The Scheduling Order deadline for amending the complaint has passed. (Doc. 14.) If Plaintiff seeks to add allegations to this case, she must (1) file a motion showing good cause to amend the scheduling order, and (2) either obtain consent from the City or file a proper motion and obtain the Court's leave to file a proposed second amended complaint. *See* Fed. R. Civ. P. 15; Fed. R. Civ. P. 16; Local Rule 15.1; Local Rule 16.3.